

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00845-CR

Frederick **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR10110
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:     Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice
           Patricia O. Alvarez, Justice

Delivered and Filed:  March 14, 2018

APPEAL DISMISSED

Appellant entered into a plea bargain with the State, pursuant to which appellant pleaded nolo contendere to the offense of possession with intent to deliver a controlled substance, 4-200 grams.  The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).  The certificate also stated this "is [one] in which the defendant has waived the right of appeal."  Appellant timely filed a notice of appeal.  The clerk's record, which includes the trial

court's rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See id.* R. 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* R. 25.2(a)(2). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The clerk's record also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave appellant permission to appeal. *See id.* The trial court's certification therefore appears to accurately reflect that this is a plea bargain case and appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Therefore, on February 9, 2018, we gave appellant notice that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record on or before March 12, 2018. *See* TEX. R. APP. P. 25.2(d); *See id.* R. 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). On February 22, 2018, appellant's counsel filed a response, stating he has reviewed the clerk's record and has determined this is a plea bargain case in which appellant has no right of appeal. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH